Sonya OWENS, Appellant

v.

DISTRICT OF COLUMBIA, a municipal corporation, et al., Appellees.

No. 13–7039.

United States Court of Appeals, District of Columbia Circuit.

April 8, 2015.

Sonya Owens, Washington, DC, pro se.

Loren L. Alikhan, Holly Michelle Johnson, Todd Sunhwae Kim, Irvin B. Nathan, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellant.

BEFORE: ROGERS, GRIFFITH, and MILLETT, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs filed by the parties, *see* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j), and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's judgment and post-judgment orders be affirmed. To the extent appellant continues to press claims that arose prior to August 31, 2005, those claims are barred by res judicata. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Regarding appellant's claims that she was deprived of due process following her termination, summary judgment was proper because the record demonstrates she was

provided all the process to which she was due. That she decided not to see to completion her appeal before the Employee Appeals Board does not mean she was not afforded an opportunity to be heard or otherwise provided adequate process. *See Bloch v. Powell,* 348 F.3d 1060, 1069 (D.C.Cir.2003) (employee not deprived of due process where he has right to hearing but chooses to waive the right). Nor is there evidence that appellant was subjected to "grave unfairness" in the termination process that would rise to the level of a substantive due process violation. *See George Washington University v. D.C.,* 318 F.3d 203, 209 (D.C.Cir.2003) (citations omitted).

As for appellant's claim of defamation, there is no evidence that any damaging statements were publicly disclosed. *See Orange v. D.C.,* 59 F.3d 1267, 1274 (D.C.Cir.1995) ("[I]njury to reputation cannot occur in the absence of [the government's] public disclosure of the allegedly damaging statements."). And to the extent appellant alleges she was stigmatized, she was given a full evidentiary hearing before an administrative judge and had ample opportunities to clear her name. *See McCormick v. D.C.,* 752 F.3d 980, 987–88 (D.C.Cir.2014). Because appellant did not exhaust her remedies pursuant to the D.C. Comprehensive Merit Personnel Act, D.C.Code § 1–610.01 et seq., *see Johnson v. D.C.,* 552 F.3d 806, 810 (D.C.Cir.2008), judicial review of her termination is precluded.

Moreover, to the extent the district court denied appellant's motion for a new trial as untimely, there was no abuse of discretion. *See Hudson v. D.C.,* 558 F.3d 526, 530 (D.C.Cir.2009) (citations omitted). Finally, because appellant makes no argument challenging summary judgment on her § 1981 claims, those claims are forfeited. *See U.S. ex rel. Totten v. Bombardier*

*Corp.,* 380 F.3d 488, 497 (D.C.Cir.2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.